GLICKSTEIN, Judge,
dissenting.
I respectfully dissent, as I would reverse and remand. This is an appeal by an individual defendant who was sued, along with corporations, based on a series of documents which he had executed. Appellant contended at trial that he was entitled to a directed verdict because of the manner in which the instruments were executed. I agree.
The essential facts are that a land auctioneer submitted to customers for execution contract and inventory forms that were obviously intended for individuals, not corporations. The only signature lines on each of the two contract forms were as follows:
(SELLER)_
Signature represents personal guaranty
(SELLER)_
Signature represents personal guaranty
Similarly, the only signature lines on the inventory form were as follows:
For the Seller
For the Auctioneer
To be suitable for corporate execution the contract forms would have read in the following or a similar manner:
SELLER
By_
Signature represents personal guaranty
Had such latter contract forms been presented, I would be more favorably inclined to appellee’s argument that the question of intent vis a vis personal guaranty was a jury question.
The following are photo copies of the two contract forms as they were ultimately used:

*419

"JIM GRAHAM AUCTIONS NET YOU THOUSANDS MORE!"

The following is a photocopy of the inventory form as it was ultimately used:

The following is a photocopy of a handwritten addendum to one of the contract forms which was ultimately used:

*420

The printed forms were patently inadequate for the transaction — in printed language as well as space for execution — and were, in fact, abandoned by the parties because of their uselessness. The auctioneer testified that there was no discussion between him and the individual about the latter’s personal liability; and that the guaranty language was included in the auctioneer’s printed form long before this transaction on the advice of counsel. The individual now appealing presented testimony — not unexpectedly — that there was conversation about personal liability; and that he made it plain that he was not agreeable to personal liability.
This court should not overlook the obvious and settle upon the abstruse. At no time did the individual fail to reflect that he was executing as a corporate officer. Further, on some of the signature lines only the corporation’s name appears, whereas on two signature lines, the individual’s name appears. How can we sanctify a game of pin the tail on the donkey, imparting judgment for the lines that the individual hit and not for those he missed on a form ill-constructed for corporate execution?
I cannot accede to an affirmance that permits the auctioneer to profit from this situation when it is obvious to the naked eye what, in fact, appears in the spaces afforded is a common, corporate execution.